**Allan Dean SPENCER, Petitioner,**

v.

**Wyman BASINGER, Sheriff of Cole County, Missouri, Respondent.**

**No. 60018.**

Supreme Court of Missouri,
En Banc.

March 13, 1978.

---

Harvey M. Tettlebaum, Jefferson City, for petitioner.

Thomas J. Brown, III, Asst. Pros. Atty., Jefferson City, for respondent.

RENDLEN, Judge.

Petitioner, accused of stealing more than $50 in violation of § 560.156 RSMo 1969, was arrested January 29, 1976, taken immediately to the Cole County jail and on April 8 tried and found guilty as charged. The jury assessed as punishment a fine of $500 and one year in the county jail, the maximum jail sentence permitted under § 560.-161–1(2), RSMo 1969. On May 3 judgment was entered on the verdict and costs taxed against defendant [petitioner]. The trial court finding petition insolvent and unable to pay the costs, directed the issuance of a fee bill. On the date of judgment petitioner had been held in custody ninety-four days but received no credit against his one year jail term by the trial court. His confinement in the county jail continued through January 28, 1977, and at that time the ninety-four days presentence and the two hundred seventy-two days of post-sentence incarceration totaled three hundred sixty-six consecutive days.

Alleging completion of his one year term, Spencer petitioned for habeas corpus to the circuit court of Cole County but was denied relief February 3, 1977. Thereafter he petitioned here and our writ of habeas corpus issued February 23, 1977 directing petitioner's release on his own recognizance pending final disposition of these proceedings. For reasons now discussed, we order petitioner's discharge.

Two issues are presented. [1] Petitioner's entitlement vel non to credit under § 546.-615, RSMo Supp.1975, for jail time prior to date of the judgment imposing sentence and [2] whether an indigent felon, unable to pay a fine and costs, can under the circumstances here, be required to serve time in jail in lieu of payment.

I

The issue concerning a felon's entitlement to jail time accumulated before

judgment, when sentenced to confinement other than in custody of the division of corrections, was answered in *In re Turley,* 496 S.W.2d 865 (Mo.App.1973). There the court of appeals held that a convicted felon sentenced to a term in the *St. Louis City Workhouse* must be given credit against such sentence for time in City Jail prior to trial. The ruling of the court of appeals and its interpretation of § 546.615 [1] is approved and given application here. In apparent disregard of the holding in *Turley,* respondent contends the statutory clause "both awaiting trial *and* pending transfer to the division of corrections" (emphasis ours) in subsection (1) implies that jail time credit is mandatory only in cases "where defendant is sentenced to a term in an institution under the control of the division of corrections" and when time is "spent by him in prison or jail both awaiting trial and pending transfer." Respondent insists if the legislature had intended otherwise it would have employed the disjunctive "or" instead of the conjunctive "and". Similar arguments were rejected by the court in *Turley.* The inclusion of the term "both" immediately before the phrases "awaiting trial" and "pending transfer" makes clear that credit toward service of the sentence relates to jail time before trial *and/or* after judgment of conviction while awaiting transfer to the division of corrections. Further, respondent's contention if taken to its logical end, could produce absurd results. For example, if a felon had served no time in jail before conviction but was incarcerated awaiting transfer to prison, he would be denied credit of such time toward service of the sentence imposed. This result would obtain under respondent's view though the prisoner is taken to an institution under the control of the division of corrections.

Respondent also contends the *title* of § 546.615 demonstrates a legislative intent of limiting its application to individuals sentenced to the custody of the division of corrections. He argues that "if the title is restrictive, the act must also be restrictive." This generalization though valid is inapposite here. The title to House Bill 262, Laws of Missouri, 1959, predecessor of § 546.615, reads as follows:

"An Act relating to calculating the terms of imprisonment of persons convicted of criminal offenses."

The title language of § 546.615, Laws of Missouri, 1971 (repealing the section enacted in 1959), to which respondent points is:

"An act to repeal section 546.615, RSMo 1969, relating to credit of jail time against sentence to department of corrections and to enact in lieu thereof one new section relating to the *same subject.*" (Emphasis added.)

It is apparent the language of the title to the 1971 act refers to and incorporates the title of its 1959 predecessor. Under such circumstances, as held in *State ex rel. Mueller Baking Co. v. Calvird,* 338 Mo. 601, 92 S.W.2d 184 (1936) and *Downey v. Schrader,* 353 Mo. 40, 182 S.W.2d 320 (banc 1944), when construing the title of a statute repealing another, the title of the original statute is controlling. In this case the title of the earlier statute broadly includes mandatory jail time credit for those sentenced to a term in county jail or city workhouse and not just those sentenced to serve in the custody of the division of corrections.

Respondent finally contends that § 546.-615(3), requiring the officer delivering one convicted to the division of corrections to "endorse upon the commitment papers the length of time spent by the prisoner in jail prior to delivery to the division" indicates

1. Section 546.615, RSMo Supp.1975 provides: "1. A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the division of corrections.

2. In the event such time is required by law to be credited upon some other sentence it shall be applied to that sentence and not as set out

in the preceding subsection. Credit shall be applied to each sentence rendered if they are to be concurrent.

3. The officer required by law to deliver a convicted person to the division of corrections shall endorse upon the commitment papers the length of time spent by the person in prison or jail prior to his delivery to the division."

§ 546.615 applies only to those sentenced to the custody of the division of corrections. We do not agree. Subsection (3) does not so limit § 546.615, rather it prescribes the procedure for proof and transmittal of the record of mandatory credit for convicted persons delivered into the division's custody. On the other hand, the record of those whose incarceration continues in the county jail would remain in the possession of that facility and no such endorsement and transmittal would be required.

For the reasons above, petitioner should have been and is hereby credited with ninety-four days incarceration prior to sentencing against his one year term in the county jail and we hold that term has been fully served.

## II

■ Petitioner contends he should be released without payment of the $500 fine because he served more than two hundred fifty days and such should be credited at the rate of $2.00 a day under § 551.010, RSMo 1969, in satisfaction of the fine. His argument overlooks the fact that § 560.161, RSMo 1969 provides punishment of both *imprisonment* in the county jail up to a year and a *fine* up to $1,000. These are separate elements of punishment, and time served in jail for the period imposed does not affect the fine. Such time (i. e., one year) spent in jail as punishment assessed is not within the purview of § 551.010, RSMo 1969. The statute deals with detention "for the nonpayment of any fine or costs" not with detention as punishment imposed on a finding of guilt. The language of the section provides in part:

> "*Any person detained in prison for the nonpayment of any fine or costs . . .* may be ordered to be discharged from such imprisonment . . . after being imprisoned one day for every two dollars of such fine and costs, or after having endured twenty days *actual imprisonment for the nonpayment of costs,* if he be unable to pay the same." [emphasis added]

■ Nevertheless it appears from the record petitioner was indigent at the time of incarceration and also when filing his petition here. He was unable to retain counsel and has been allowed to proceed before this court in forma pauperis. Petitioner has filed an affidavit and inventory of his property, stating that he is unable to pay the fine and costs. He has tendered all his nonexempt property to the Sheriff of Cole County, though the tender was refused. A prima facie showing of indigency has been made. Under such circumstances petitioner may not be confined further at this time for nonpayment of fine and costs. See *Hendrix v. Lark,* 482 S.W.2d 427 (Mo. banc 1972). This is not to suggest that those who neglect or refuse to pay a fine may not be incarcerated for their refusal so to do within the constitutional standards described in *Hendrix.* That case dealt with the "work off" provisions for payment of fines and costs in the charter of the City of St. Louis. The constitutional principles discussed there have application to the general statutory scheme regulating the imprisonment for fine and costs in criminal cases under the statutes of Missouri.

Petitioner is ordered discharged. Further proceedings may be had however for collection of fine and costs and when such are undertaken, a hearing should be held to determine petitioner's then financial condition. If unable to make immediate payment because of indigency, petitioner should be afforded an opportunity to pay fine and costs by reasonable installments fixed by the court in light of his ability to pay. Finally, as petitioner has served twenty-six days in excess of the one year sentence, proper credit for those days must be allowed against any amounts due and any future confinement for fine and costs.

All concur.