354

**STATE of Missouri ex rel. Willie JAMES, Relator,**

v.

**Lynman STAMPS, Warden, St. Louis Medium Security Institution, Respondent.**

No. 59792.

Supreme Court of Missouri, En Banc.

March 13, 1978.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for relator-petitioner.

Jack L. Koehr, Thomas J. Ray, St. Louis, for respondent.

MORGAN, Chief Justice.

Willie James, hereinafter referred to as Relator, was arrested on December 25, 1975, in St. Louis on charges arising out of a shooting incident. Being charged with Assault With Intent To Do Great Bodily Harm Without Malice (§ 559.190, RSMo 1969), he was transferred to the custody of the Sheriff of the City of St. Louis pending trial. For reasons not now relevant, he was held in the jails of several rural counties as well as that of the city until August 16, 1976. On that date, he entered a guilty plea in the Circuit Court and was sentenced to ten months in the St. Louis Medium Security Institution.

On August 26, 1976, Relator initiated this habeas corpus proceeding. A writ issued directing Relator's release on his own recognizance pending disposition and the cause has now been briefed and submitted.

Relator relies on two statutory provisions. First, that he has served more than three-fourths of his sentence in an orderly and peaceable manner and is entitled to discharge under § 216.355, RSMo 1969; and, second, that he is entitled to release under § 221.180(4), RSMo 1969, which provides that a prisoner shall be discharged after serving three-fourths of his sentence if he has been required to work and he has behaved in an orderly and peaceable manner.

It is agreed: (1) that the sentence was for 300 days; (2) that on his release on August 26, 1976, Relator had been confined for 249 days (238 of which were accumulated prior to the plea and sentence); and (3) that Relator was entitled to discharge, after having served 225 days, if either "three-fourths" statute was available to him.

■ An initial question involves § 546.-615, RSMo Supp.1975, which, in part, provides that: "A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail awaiting trial

and pending transfer to the division of corrections." Any doubt such credit applies to a jail sentence has been removed in *Spencer v. Basinger*, Sheriff of Cole County, Missouri, 562 S.W.2d 350 (Mo. banc 1978) (handed down with this case) wherein this court said that: "The issue concerning a felon's entitlement to jail time accumulated before judgment, when sentenced to confinement other than in custody of the division of corrections, was answered in *In Re Turley*, 496 S.W.2d 865 (Mo.App.1973). There the court of appeals held that a convicted felon sentenced to a term in the *St. Louis City Workhouse* must be given credit against such sentence for time in City Jail prior to trial. The ruling of the court of appeals and its interpretation of § 546.615 [footnote quoting statute omitted] is approved and given application here. In apparent disregard of the holding in *Turley*, respondent contends the statutory clause 'both awaiting trial *and* pending transfer to the division of corrections' (emphasis ours) in subsection (1) implies that jail time credit is mandatory only in cases 'where defendant is sentenced to a term in an institution under the control of the division of corrections' and when time is 'spent by him in prison or jail both awaiting trial and pending transfer.' Respondent insists if the legislature had intended otherwise it would have employed the disjunctive 'or' instead of the conjunctive 'and'. Similar arguments were rejected by the court in *Turley*." Further reasons given by this court for so holding need not be repeated here.

Section 216.355, RSMo 1969, provides, in part, that: "Any person who is now or may hereafter be confined in any institution within the division and who shall serve three-fourths of the time for which he was sentenced in an orderly and peaceable manner . . . shall be discharged in the same manner as if he had served the full time for which sentenced." Respondent points out that the statute considers only that time served in an institution "within the division" and that the St. Louis Medium Security Institution does not meet that qualification as it is not under the control of the Department of Corrections for Missouri.

■ Relator suggests a contrary interpretation of the statute by contending that it is concerned with three-fourths time being given those who serve in an "orderly and peaceable manner" much more than the place of confinement. Further argument is made that: "Equal protection of the law also mandates that felons confined in the St. Louis Medium Security Institution be entitled to the same rights and benefits which accrue to a similarly situated defendant serving a sentence on the same charge in the Missouri Department of Corrections * * *. Placing additional requirements on a defendant sentenced to another institution for the same crime would be a denial of equal protection of the law since a defendant has no control over the sentence imposed by the Court."

We agree with the latter argument and find no reason to resolve whether or not Relator's interpretation of § 216.355, supra, unduly strains a literal reading thereof.[1]

Crimes comparable to that for which Relator was sentenced are often referred to as "graduated" felonies, i. e., the punishment may include confinement in either a county (St. Louis) jail or a designated institution of the state. Had Relator been confined in a state institution the three-fourths rule clearly would have applied. Furthermore, the record presented reflects that the Department of Corrections would have applied the three-fourths rule to all days served in

1. Precedent abounds, however, for a liberal construction of "good time" statutes. "Where the statute is capable of two constructions, that construction should be adopted which would entitle the prisoner to his discharge at the earliest time." 72 C.J.S. Prisoners § 21, at 887 (1951). In *Anthony v. Kaiser*, 350 Mo. 748, 169 S.W.2d 47 (banc 1943), this court stated that: "Penal and criminal statutes . . . are generally 'construed strictly as to those portions which are against defendants, but liberally construed in those which are in their favor—that is, for their ease and exemption . . . when doubts arise concerning their interpretation, such doubts are to weigh only in favor of the accused.' " Citing *State v. Taylor*, 345 Mo. 325, 133 S.W.2d 336, 341 (1939).

jail after initial arrest and confinement. Thus, there seems to be no logical reason or rational basis for distinguishing between a "day" served in jail prior to sentence to a state institution and a "day" served in jail prior to sentence to the St. Louis Medium Security Institution by reason of the same crime. No compelling state reason to hold otherwise has been suggested. By so concluding, we do agree in effect with Relator's interpretation of § 216.355 insofar as felony convictions are concerned.

We do note, but need not discuss in detail, *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973), wherein the United States Supreme Court upheld a statute of New York distinguishing between good-time credit for jail time and that in prison reference eligibility for parole. An equal protection claim was rejected for the reason prison confinement, in contrast to that in jail, afforded officials an adequate opportunity to evaluate a prisoner's conduct and potential as a parolee. In the instant case, encouragement of "good conduct" is the objective and there is no legitimate reason for rewarding only a portion of those felons who comply. Fairness alone demands as much.

Relator's second point reference his alleged right to three-fourths time under § 221.180(4), RSMo 1969, because he worked on the "scrub-gang" need not be developed by reason of his obtaining the identical relief by our ruling under point one. See *In Re Turley*, 496 S.W.2d 865 (Mo.App.1973).

Relator should have been and hereby is credited with having served more than 225 days, which Respondent agrees were served in an orderly and peaceable manner.

Having served his sentence as provided by law, Relator is ordered discharged and the obligations of his bond are released and for naught held.

BARDGETT, HENLEY, FINCH, DONNELLY, and SEILER, JJ., and FLANIGAN, Special Justice, concur.

RENDLEN, J., not sitting.