CITY OF MADISON, Plaintiff-Respondent,

v.

Marlo S. UHLMAN, Defendant-Appellant.

Court of Appeals

*No. 83–327. Submitted on briefs July 18, 1983.—*
*Decided September 22, 1983.*
(Also reported in 340 N.W.2d 204.)

For the defendant-appellant the cause was submitted on the brief of *Michael Jan Steckelis* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Henry A. Gempeler,* city attorney, and *Carolyn S. Hogg,* assistant city attorney.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Defendant pleaded no contest to a charge of loitering for purposes of prostitution in violation of Madison General Ordinances sec. 26.08.  She was ordered to pay a forfeiture of $183.00 within sixty days or be jailed for two weeks.  Defendant failed to pay the forfeiture and requested an indigency hearing.  At the end of the hearing, the trial court found defendant not indigent and ordered that she pay the forfeiture within two weeks.[1]  Defendant appeals.  We affirm.

Defendant first argues that her incarceration for failure to pay the forfeiture will violate the equal protection clause of the fourteenth amendment to the United States Constitution because it results from her status as an indigent.  A penalty imposed under a "fine-only" statute or ordinance cannot be converted into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full. *Tate v. Short,* 401 U.S. 395, 398 (1971).  However, *Tate* distinguished this lim-

---

[1] Section 808.03, Stats., provides in part:

(1) A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law.  A final judgment or final order is a judgment or order . . . or disposition recorded in docket entries in . . . municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding.

Though the record contains no written judgment or order finding defendant not indigent, the finding of non-indigency is recorded as a docket entry.  We conclude we have jurisdiction of this appeal.

itation on the imprisonment of indigents from the situation "where a defendant was at fault in failing to pay the fine." *Bearden v. Georgia,* —— U.S. ——, 76 L. Ed. 2d 221, 230 (1983).

Defendant claims the trial court erred in finding she was not indigent. The inability to pay and the question of indigency are relative terms. *State ex rel. Pedersen v. Blessinger,* 56 Wis. 2d 286, 295, 201 N.W.2d 778, 783 (1972). The defendant may request a hearing and a determination of his or her ability to pay the fine. *Id.* at 296, 201 N.W.2d at 784. At the hearing, the trial court will find facts regarding the defendant's employment history and financial resources. *Bearden,* —— U.S. at ——, 76 L. Ed. 2d at 231. After receiving testimony and determining the facts, the trial court concludes whether the person is indigent. Indigency is therefore a mixed question of fact and law.[2]

When the trial court's finding is one of mixed fact and law, the factual determination will not be reversed on appeal unless contrary to the great weight and clear preponderance of the evidence, but the legal conclusion may be reviewed anew. *State v. Drogsvold,* 104 Wis. 247, 256, 311 N.W.2d 243, 247 (Ct. App 1981).

Defendant was the only witness at the indigency hearing. She testified that she received money from her boyfriend for cigarettes and pocket money and that he bought her clothes and paid her way to movies and restaurants. He paid her rent and attorney's fees. Defendant said she had a high school education and that her last job had been for two months as a waitress in

---

[2] We recognize that the supreme court characterized indigency as a question of fact in *West Allis v. State ex rel. Tochalauski,* 67 Wis. 2d 26, 29, 226 N.W.2d 424, 426 (1975). However, the court's discussion of indigency was not central to the issue decided and was not a part of the holding of *Tochalauski.*

■

1981. She said she had no living expenses and that she had not applied for a job since receiving the loitering citation. The court found defendant had regular monies available to her for lawyers, entertainment, rent, food, clothing and for other purposes she and her boyfriend deemed appropriate. The court also found the defendant had no assets or income from any named job.

Few courts have addressed the issue of what constitutes indigency for purposes of avoiding incarceration for failure to pay a forfeiture. No Wisconsin court has addressed this issue. In *Spencer v. Basinger,* 562 S.W. 2d 350, 353 (Mo. 1978), the Missouri Supreme Court held a prima facie showing of indigency was made where the petitioner had been unable to retain counsel and had been allowed to proceed *in forma pauperis.* The petitioner had filed an affidavit and inventory of his property and had tendered all his nonexempt property to the sheriff. *Id.* In *State v. Woods,* 293 N.E.2d 583 (Akron Mun. Ct. 1972), the defendant found indigent was on city relief prior to confinement and had no money or personal property, real estate, or funds due her and no employment prospects.

■

The burden is on the defendant to prove inability to pay. *Pedersen,* 56 Wis.2d at 296, 201 N.W.2d at 784. Reasons for nonpayment are crucial:

If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. Similarly, a probationer's failure to make sufficient bona fide efforts to seek employment or borrow the money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society. . . . [citation omitted.]

*Bearden,* —— U.S. at ——, 76 L. Ed. 2d at 230. Defendant testified she had no means with which to pay the $183.00

forfeiture. However, she had not sought employment since the forfeiture was assessed nor had she applied any of the money received from her boyfriend toward the forfeiture. She did not say whether she had asked him to pay the forfeiture and had been refused. Her attorney had been paid, and she had received new clothes and pocket money since the forfeiture was assessed. Defendant had opportunities to obtain money to pay the forfeiture and did not take them.

"Too many people claim indigency when there is no indigency in fact. Too many claim an inability to pay when they consider the payment of a fine to be the lowest order of priority." *Pedersen,* 56 Wis. 2d at 295, 201 N.W.2d at 783. We agree with the trial court that defendant had money available to her for other items and that not having money to pay the forfeiture was a matter of choice, not necessity. We conclude that defendant was not indigent.

*By the Court.*—Order affirmed.