Robert K. NORMAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15161.

Missouri Court of Appeals, Southern District, Division One.

Nov. 18, 1987.

David E. Woods, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

1. Missouri Rules of Court, V.A.M.R.

GREENE, Presiding Judge.

Robert K. Norman appeals from the motion court's dismissal of his motion for postconviction relief filed pursuant to Rule 27.26.[1] In his motion, Norman contended that the trial court erred in denying him credit for 640 days "he served" in the Teen Challenge program while on probation. We affirm.

On May 3, 1978 Norman entered guilty pleas to felony charges of burglary and stealing, and was sentenced to concurrent terms of seven and three years imprisonment. Execution of the sentences pronounced at that time was suspended, and Norman was placed on probation for a term of four years, subject to certain conditions one of which was "[t]hat you voluntarily dedicate to a minimum of one year in the Teen Challenge program at a place to be selected by Mr. Meppelink." Norman participated in the program from April 21, 1978 until January 20, 1980. Teen Challenge, as we understand it, is designed to help young people change their lifestyle so as to avoid alcohol and drug abuse and other behavioral problems. On February 6, 1980, the probationary requirement that Norman attend the program was discontinued, but the other probationary conditions remained. Subsequent to that time, Norman violated other remaining conditions of his probation, following which, on April 18, 1983, the trial court ordered Norman to be committed to serve his sentences. Norman was given credit on his sentence for 76 days he had spent in jail relative to the criminal charges, but his request that he be given credit as time served for the time he spent in the Teen Challenge program was denied.

In his 27.26 motion, Norman asserted he was entitled to credit for time "he served" in the Teen Challenge program, by reason of §§ 557.031 and 559.026, and cited State ex rel. James v. Stamps, 562 S.W.2d 354 (Mo. banc 1978) as authority for his position. The state filed a motion to dismiss, contending that the credit Norman was seeking for time spent in the program was not mandated by statute and, therefore, he

was not entitled to such credit as a matter of law. The motion court, in sustaining the state's motion to dismiss, made findings of fact and conclusions of law. In those findings and conclusions, the motion court asserted that the mitigation of prison sentences by allowing the prisoner credit for time served on probation is discretionary with the sentencing court, and that failure to award such credit does not entitle a prisoner to relief through a Rule 27.26 proceeding.

Our review is limited to a determination of whether the motion court's findings of fact, conclusions of law, and order of dismissal were clearly erroneous. Rule 27.-26(j).

Section 559.036.3 provides that the trial court may mitigate a prison or jail term by all or any part of the time the defendant was on probation. Since granting, or not granting, of credit for time spent on probation is a discretionary act on the part of the sentencing court, *Amsden v. State*, 699 S.W.2d 54, 57 (Mo.App.1985), failure to allow such credit is neither a denial of due process nor equal protection of the law. *Neighbors v. State*, 515 S.W.2d 792, 793 (Mo.App.1974). This being so, failure to award such credit does not entitle a prisoner to relief under Rule 27.26. *State v. Gilmore*, 617 S.W.2d 581, 584 (Mo.App. 1981).

■ The statutes and case law submitted by Norman in alleged support of his position are not in point. Section 557.031.4 provides that any period of commitment to a facility of the department of mental health or to a hospital for the purpose of an examination to determine if an individual is suffering from a mental disease or disorder shall be credited against any term of imprisonment imposed on that individual. There is nothing in the record to show that Norman was ever confined in such a facility, nor does he claim such.

■ Section 559.026, the "shock probation" statute, provides that the trial court may require as a condition of probation that a defendant submit to detention in an appropriate institution for a period of time which, in felony cases, shall not exceed 60 days. There was no "shock probation" assessed in this case, and the Teen Challenge program, from what we glean from the sparse references to it in the record, does not qualify as "an appropriate institution." According to Norman's petition, it is a program designed to free young people from drug and alcohol abuse. Teen Challenge does not qualify as a penal institution, which is the type of institution the statute clearly contemplates as the place of confinement. See *Davis v. State*, 712 S.W.2d 50, 52 (Mo.App.1986) where it was held that court-ordered confinement of Davis as a condition of probation in the Southeast Missouri Community Treatment Center, which was a halfway house treatment center for drug addiction treatment, was not confinement in the type of institution contemplated by § 559.026, and therefore, it was discretionary, not mandatory, for the trial sentencing court to credit the time spent in such facility as time served.

■ The case of *State ex rel. James v. Stamps*, 562 S.W.2d 354 (Mo. banc 1978), which is also relied on by Norman to support his position here, is likewise not in point. *Stamps* holds that equal protection mandates that in graduated felony cases, felons who are confined in city or county jails as their sentence are entitled to the same rights and as respects "good time" statute benefits that accrue to a similar situated defendant serving a sentence on a like charge in the custody of the Missouri Department of Corrections. Both jails and prisons are penal institutions for the purpose of punishment for the commission of a crime. The Teen Challenge program is not.

Our review convinces us the findings, conclusions, and order of dismissal of the motion court were not clearly erroneous.

The motion court's order dismissing Norman's 27.26 petition is affirmed.

HOLSTEIN, J., concurs.

CROW, C.J., concurs and files concurring opinion.

CROW, Chief Judge, concurring.

I concur in everything said in the principal opinion, and write separately for the sole purpose of emphasizing that Norman, as I understand him, contends he was entitled *as a matter of law* to have the time he spent in Teen Challenge credited against his sentences by the trial court at the time his probation was revoked and the sentences were ordered executed. Assuming that is the import of Norman's argument, I have no reservations about considering it on the merits under Rule 27.26.

However, had Norman maintained that the trial court in the exercise of its *discretion* under § 559.036.3, RSMo 1978, should have mitigated the sentences by crediting him with the time spent in Teen Challenge, I would have held that such a contention is not cognizable under Rule 27.26. *State v. Gilmore,* 617 S.W.2d 581, 584[6] (Mo.App. 1981).