**Kenneth A. WUEBBELS,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15842.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 11, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Kenneth Wuebbels appeals from the denial of postconviction relief in a proceeding under Rule 24.035.[1] On June 6, 1983, Wuebbels (hereinafter defendant) pleaded guilty to the offense of possession with intent to deliver an imitation controlled substance in violation of § 195.020.6. He applied for probation. On October 3, 1983, the trial court suspended the imposition of sentence and placed the defendant on probation for a period of five (5) years as authorized by § 557.011.2(2) and § 559.016. Thereafter the defendant violated the terms of his probation. After a hearing on June 4, 1984, defendant's probation was revoked and he was sentenced to imprisonment for a term of five (5) years.

On May 20, 1988, the defendant filed a pro se motion pursuant to Rule 24.035 requesting the sentencing court to credit his sentence with the time he spent on probation. The motion court summarily denied the defendant's request and he appealed. We affirm.

Although it is of little consequence in the circumstances presented, this proceeding is not to be regarded as a proceeding under former Rule 27.26, now superseded. Rule 24.035 applies to convictions after entrance of a guilty plea when sentence was pronounced on or after January 1, 1988. Rule 24.035(*l*) nevertheless provides that if sentence was pronounced prior to January 1, 1988, and no prior motion had been filed pursuant to former Rule 27.26, a motion under Rule 24.035 might be filed on or before June 30, 1988. Defendant was sentenced June 4, 1984. No motion pursuant to former Rule 27.26 was filed but a postconviction motion praying correction of the defendant's sentence was filed on May 20, 1988, and therefore the defendant's motion was timely filed as a motion to correct his sentence under Rule 24.035.

In his motion, the defendant asserts that he served from October 3, 1983, to May 4, 1984, "on supervised probation i.e. judicial parole." We are cited to *State ex rel. Woodmansee v. Appelquist,* 687 S.W.2d 176 (Mo.banc 1985), wherein our Supreme Court construed § 217.730.1 to give an automatic right to credit for time spent on parole after revocation to both administrative and judicial parolees. Modern sentencing procedures have blurred the distinction between "parole" and "probation," but this case does not involve a parole, and the precedent cited does not aid the defendant.

As part of The Criminal Code of 1977, § 557.011.2(3), in effect when the defendant was sentenced, provided that:

> "2. Whenever any person has been found guilty of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may:
>
> ... (3) Suspend the imposition of sentence, with or without placing the person on probation; ..."

Section 559.012 provided that the court might place a convicted defendant on probation in certain circumstances. Section 559.036.3 provided that if the defendant violated a condition of his probation at any time prior to expiration or termination of the probation term, and imposition of sen-

---

1. References to statutes and rules are to RSMo 1978 and V.A.M.R., except where otherwise specifically noted.

tence had been suspended, the court might revoke probation and impose any sentence available under § 557.011. Section 559.036.3 provided in terms that:

"... The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation."

It was thought, when the Criminal Code was enacted, that if the court suspended the imposition of sentence as permitted by § 557.011.2(3), no judgment had been rendered and for the record, there had been no conviction. The New Missouri Criminal Code: A Manual for Court Related Personnel § 2.2, p. 2–3 (1978). In this case there had been no "parole" because § 217.650(4) defines "parole" as "the release of a prisoner to the community by the court or the state board of probation and parole prior to the expiration of his term, subject to conditions imposed by the court or the board and to its supervision." Here, no term of imprisonment had been imposed. Section 559.036.3 provided, of course, that the court might, in its discretion, mitigate a prison or jail term by all or any part of the time the defendant was on probation. The grant or refusal of such credit was nevertheless a discretionary act on the part of the sentencing court, and failure to allow such credit was neither a denial of due process nor equal protection of the laws. *Norman v. State,* 740 S.W.2d 369, 371 (Mo. App.1987). See also *Roberts v. State,* 742 S.W.2d 633 (Mo.App.1988). The defendant was not entitled to a correction of his sentence, *Norman v. State,* 740 S.W.2d at 371, and inasmuch as the motion court had heard evidence at the revocation proceeding, there was no need for a further hearing, as the defendant contends. The judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.