Gershengorn, J.
The plaintiff, Douglas McNeil (McNeil), an inmate in the custody of the Massachusetts Department of Correction (the Department), contends that he is entitled to earned good time deductions from his sentence under G.L.c. 127, §129D. McNeil alleges that these deductions were earned during the 362 days between his arrest and conviction during which time he was confined at the Middlesex County Jail. The Commissioner of the Department, Lawrence Du-Bois, argues that pretrial detainees are not entitled to such credits. Each of the parties now moves for summary judgment under Mass.R.Civ.P. 56. This court held a hearing on June 8, 1993 at which time briefs were submitted and the oral arguments of counsel were heard. For reasons which follow, this court now ALLOWS McNeil’s motion for summary judgment.
BACKGROUND
Douglas McNeil is currently serving a sentence of 15 to 18 years which was imposed by the Superior Court on October 18,1990. McNeil was arrested for armed assault with intent to murder and masked armed robbery. McNeil awaited trial on those charges at the Middlesex County Jail and was convicted on November 3, 1989, 362 days later. During his confinement in jail, McNeil worked as a tier runner and participated in Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) counseling groups. After he had been convicted and sentenced, McNeil received 362 days of jail credits towards his current sentence. He then requested that the Department of Correction grant him earned good time credits pursuant to G.L.c. 127, §129D for his work as a tier runner and participant in AA and NA during his time in jail. The Department declined to grant the credits, arguing that pretrial detainees are not entitled to such earned good time.
*174 McNeil then commenced this action, arguing that the denial of earned good time credits to pretrial detainees violated G.L.c. 127, §129D as well as rights of due process and equal protection under the U.S. and state constitutions.
DISCUSSION
In this case no material facts are in dispute, and one of the moving parties is entitled to judgment as a matter of law pursuant to Mass.R.Civ.P. 56(c). Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976). Resolution of this action turns on the interpretation of a state statute concerning good conduct credits for prisoners.
The Department credits prisoners for time served awaiting trial pursuant to the specific mandate contained in G.L.c. 127, §129B and G.L.c. 279, §33A.[2] The Department also credits all prisoners, including pretrial detainees, with statutory good conduct deductions pursuant to G.L.c. 127, §129. Although a prisoner may forfeit such statutory good conduct credit for misconduct, he need not do anything to acquire it initially. Burno v. Comm’r of Correction, 399 Mass. 111, 114 (1987).
Earned good conduct credits, in contrast, are awarded to prisoners who participate in certain approved counseling, employment, and organized sport programs while incarcerated. Good conduct credits require initiative by the prisoner and are not subject to forfeiture. Connery v. Comm’r of Correction, 33 Mass.App.Ct. 253, 261 review granted, 413 Mass. 1108 (1992). The Department’s current practice is to credit prisoners with statutory good conduct credits pursuant to G.L.c. 127, §129 for time served awaiting (and during) trial. The Department does not, however, credit pretrial detainees with earned good conduct deductions for their participation in AA, NA, work programs, etc. pursuant to G.L.c. 127, §129D. McNeil argues that this distinction is arbitrary and unlawful in view of the plain meaning of G.L.c. 127, §129D.
The statute at issue states, in relevant part, that:
For the satisfactory conduct of a prisoner while confined at a correctional institution of the commonwealth, or any jail or house of correction, . . . satisfactory completion of an educational program... or satisfactory performance of said inmates in any other program or activity which the superintendent of the institution shall deem valuable to said prisoner’s rehabilitation, the commissioner may grant, in addition to the deductions of sentence provided under sections one hundred and twenty-nine and one hundred and twenty-nine C, a further deduction of sentence of not more than two and one-half days per program or activity for each month while said prisoner is . . . partaking in any of the said programs or activities as aforesaid; provided, however, that in no event shall said deductions exceed a maximum monthly total of seven and one-half days.
G.L.c. 127, §129D (emphasis added).
The parties dispute whether the Legislature intended G.L.c. 127, §129D to apply to pretrial detainees such as McNeil.
The Department points out that G.L.c. 127, §129D “makes no mention of inmates on awaiting trial status.” (Def.’s Mem. Summ. J. p. 2.) While the statute does refer to “prisoners" confined in “jails,” nowhere in G.L.c. 127, §129D does the Legislature mention pretrial detainees specifically. It is the Department’s position that if pretrial detainees were meant to receive earned good time credits, the statute would say so. Cf. G.L.c. 127, §129B and see New England Medical Ctr. Hosp., Inc. v. Comm’r of Revenue, 381 Mass. 748, 750 (1980) (statutes should be construed according to the common use of the language employed). Moreover, the Department correctly notes that courts addressing this issue, including the U.S. Supreme Court, have ruled that states may lawfully distinguish between pretrial detainees and convicted prisoners in awarding such credits. McGinnis v. Royster, 410 U.S. 263 (1973) (earned good time need not be awarded to pretrial detainees under New York statute where purpose was to rehabilitate prisoners; persons not yet convicted are presumed innocent and therefore not in need of rehabilitation); and Chestnut v. Magnusson, 942 F.2d 820 (1st Cir. 1991) (Maine sentencing statute which distinguished between persons awaiting trial and convicted prisoners was rationally related to legitimate state interests and was not a violation of equal protection).
McNeil acknowledges the rulings of McGinnis and Chestnut, as he must, but contends that they are not dispositive of his claim. In both McGinnis and Chestnut the state sentencing statutes at issue forbade earned good time credit for pre-sentencing county jail detention. McGinnis v. Royster, supra at 266 (no earned good time awarded to pretrial detainees when calculating minimum parole dates); Chestnut v. Magnusson, supra at 821 (first full day of sentence is when prisoner is committed to custody of Department). This is not the situation in Massachusetts where, unlike the New York statute in McGinnis, both earned and statutory good time credits reduce not only the minimum parole eligibility date but also a prisoner’s release date. Further, unlike the Maine statute examined in Chestnut, the first day of sentence in Massachusetts is the date of arrest. Libby v. Comm’r, 353 Mass. 472 (1968). Thus, McNeil persuasively argues that precedent in McGinnis and Chestnut are not necessarily controlling in light of variations in the state sentencing statutes addressed. McGinnis and Chestnut merely hold that Departments of Correction may lawfully decline to grant pretrial detainees earned good time credits without running afoul of established equal protection doctrine, provided the states can show that such denial is rationally related to a legitimate government purpose.[3] The cases do not instruct states that they may not grant such deductions should they elect to do so.
*175 McNeil notes that a number of jurisdictions have concluded that the withholding of earned good time from pretrial detainees is violative of equal protection, given their respective state sentencing statutes. Griess v. State of Colo., 624 F. Supp. 450 (D.Colo. 1985), aff'd, 841 F.2d 1042 (10th Cir. 1988) (denial of good time credit for presentence incarceration violates equal protection under both strict scrutiny and rational basis standards of review); People v. Sage, 165 Cal.Rptr. 280, 611 P.2d 874 (1980) (no rational basis for denying presentence conduct credit); Hampton v. Rowe, 88 Ill.App.3d 352, 410 N.E.2d 511 (Ill.App. 1980) (same); State Ex Rel. James v. Stamps, 562 S.W.2d 354 (Mo. 1978) (same); and Pruett v. State of Texas, 468 F.2d 51 (5th Cir. 1972), modified, 470 F.2d 1182 (5th Cir. 1973), aff'd, 414 U.S. 802 (1973) (same). In most of these cases, the courts found that the withholding of good time credit for pretrial detainees was not rationally related to the state interest of good prisoner behavior. See e.g. Griess v. State of Colo., supra at 457.
Although McNeil’s constitútional arguments are well-reasoned, this court need not reach an equal protection or due process analysis where the plain meaning of G.L.c. 127, §129D provides the answer to McNeil’s challenge. The statutory language chosen by the Legislature provides that the Department “may” grant earned good time credit to “any prisoner while confined at a . . . jail ...” who satisfactorily participates in certain approved programs. This would include prisoners such as McNeil, even though the term “pretrial detainee” is not used. The Department correctly notes that the Commissioner has the discretion to grant such credits. However, the Commissioner’s actions in this regard must be uniform. He may not give earned good time credits “to some inmates and not others, so long as the programs offered the respective inmate categories are substantially equal.” Piggott v. DuBois, Civil No. 92-3777 (Suffolk Super. Ct. January 14, 1993), slip op. at 1. Moreover, the fact that a goal of G.L.c. 127, §129D is rehabilitation does not bar McNeil’s claim. The McGinnis and Chestnut line of cases stand for the proposition that states may decline to grant such credits if the state sentencing statute evinces a nexus between the goal (usually rehabilitation) and the means used to achieve it (credits solely for sentenced inmates). It bears repeating that McGinnis and Chestnut do not prohibit states from granting such credits to pretrial detainees should they choose to do so.
Given this state’s earned good time statute’s language, its history, and its place in an overall legislative scheme which grants pretrial detainees statutory good time credits, it is the view of this court that G.L.c. 127, §129D was intended to be equally applied to pretrial detainees such as McNeil. Accordingly, his motion for summary judgment is allowed, and the Department’s motion is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the summary judgment motion of the defendant, the Department of Correction, is DENIED. Plaintiff Douglas McNeil’s motion for summary judgment is ALLOWED. It is further ORDERED that Douglas McNeil is entitled to earned good time credits under G.L.c. 127, § 129D for his participation in approved programs during the 362 days between his arrest and conviction, and such credits are to b.e granted in accordance with G.L.c. 127, §129D and all otherwise applicable regulations.

 G.L.c. 127, §129B states that the “sentence of any prisoner in any correctional institution of the commonwealth or in any house of correction or jail, who was held in custody awaiting trial shall be reduced by the number of days spent by him in confinement prior to such sentence and while awaiting trial... ” G.L.c. 279, §33A instructs the court to credit a prisoner with such time served when imposing a sentence if such deductions have not already been made by the Department.

 In McGinnis the Supreme Court ruled that the statutory class, pretrial detainees, was not entitled to strict judicial scrutiny of the classification. Id. at 276. Similarly, the First Circuit rejected claims that since indigency may lead to inabiliiy to post bail, this was sufficient “to create a class calling for strict scrutiny rather than a rational relationship analysis.” Chestnut v. Magnusson, supra at 824.