**Norman Paul FELTS, Petitioner—Appellant,**

v.

**William DUNCAN, Warden of California Men's Colony at San Luis Obispo, Respondent—Appellee.**

**No. 01–55050.**

**D.C. No. CV–99–13180–DT.**

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002 *.

Decided May 9, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.**

MEMORANDUM ***

California state prisoner Felts appeals the denial of his habeas petition, claiming that his second sentence should be reduced by credits earned for prior time served.

Felts was tried and convicted in state court and sentenced in 1991 to sixty years in prison. The Ninth Circuit reversed the

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

conviction on collateral review because Felts had been denied the right to represent himself. *Felts v. Gomez*, 139 F.3d 904 (9th Cir.1998) (unpublished). In March 1999, back in state court, Felts pled no contest in a plea bargain on a new charge, stipulating that the facts used to support the earlier conviction would be sufficient to prove the new charge. Felts and his lawyer negotiated and accepted an offer with the state for a term of eight years with credit for time served going back to August 14, 1998, the date at which Felts's case returned to the state court.

The state prosecutor submitted an affidavit clearly expressing that the new plea would be available only if Felts were to serve time *in addition to the time he served between 1991 and 1998*. Neither Felts nor his lawyer from that negotiation submitted any affidavit or evidence challenging this understanding.

Further, in open court, Felts had an extensive plea colloquy with the prosecution, closely supervised by the state judge. During that colloquy, Felts agreed that he would be sentenced to up to eight years with credit extending back only to August 14, 1998.

This case is subject to the standards of habeas review articulated in AEDPA. State court factual findings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). State court legal determinations will not be disturbed unless they were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or unless the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

* John E. Potter is substituted for his predeces-

The state courts determined that, during his colloquy, Felts waived credits he had earned for time served prior to August 1998. Felts presents no evidence to challenge this conclusion of waiver, and the plea colloquy shows that Felts agreed to be sentenced for eight years with credit only extending back to August 14, 1998. Indeed, if Felts had been able to get credit for his time served, then he would have been eligible for immediate release, which was clearly not the bargain struck between the state and the petitioner.

Because the state court's determination of waiver is correct, Felts's contention that the Department of Corrections improperly executed the sentence negotiated in the plea is meritless. The state court's decision was neither contrary to federal law nor based on an unreasonable determination of the facts; thus, the district court's denial of the habeas petition is AFFIRMED.