v.

**S.W. and C.B., and State of Missouri, Respondents.**

No. ED 98326.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 26, 2012.

---

Lisl King Williams, St. Louis, MO, for appellant.

Sarah Jean Garber, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

R.B. appeals from the judgment of the trial court denying his motion to adjust arrears following a determination that he is not the father of C.B. We reverse and remand.

R.B. married S.W. on January 16, 1982. They divorced on November 13, 1989. Two children were born during the course of the marriage. The elder, a boy ("son"), was born on January 18, 1983, and C.B., a girl, was born on October 21, 1986. In the divorce decree, the Circuit Court of the City of St. Louis ordered R.B. to pay $494.00 per month for child support. This was a general order of child support, and did not allocate the amount of support separately for each child. On January 18, 2001, son was emancipated. However, the general order was never modified.

On February 15, 2011, R.B. filed a Petition for Declaration of Non–Paternity pursuant to Section 210.854 RSMo. Supp.2009, requesting that the court declare that he is not the biological father of C.B. and that it terminate his child support obligation for C.B., including such support in arrears. Genetic testing results submitted to the court showed that R.B. is not the biological father of C.B. R.B. filed a Motion to Adjust Arrears on January 6, 2012, that

asked the court to terminate his child support obligation, current and past, for C.B. The court entered an order, subsequently denominated a judgment, that declared that R.B. is not the biological father of C.B., ordered the Missouri Bureau of Vital Statistics to remove R.B. as the father on C.B.'s birth certificate, but denied the Motion to Adjust Arrears.

R.B. now appeals from this judgment.

▆ In a bench-tried case we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

We will examine both of R.B.'s points relied on together. In his first point relied on, R.B. contends that the trial court erred in denying his motion to adjust arrears because: "(1) the court relied on the State's evidence that the child support order was a general order; (2) even if the child support order was a general order since the eldest child [son] was emancipated in 2001 and was not entitled to support from [R.B.], any arrears that accrued since [son]'s emancipation were directly attributa[bl]e to [C.B.] and said arrears should have been extinguished; and (3) the court relied on the State's case law regarding general orders for child support and said cases do not support the State's position and were not applicable as none of the cases cited involved any issue with respect to paternity; and [ (4) ] even if the cases cited by the State applied[,] said cases did not bar the trial court from extinguishing the arrears attributable to [C.B.]" In his second point relied on, R.B. asserts that the trial court erred in denying his motion to adjust arrears because "it did not comply with the requirements of section 210.854, in that [R.B.] presented genetic testing that he was not the biological fa-

ther of [C.B.], the court set aside the previous judgment of paternity between [R.B.] and [C.B.] and once the court set aside the judgment of paternity it was required by statute to extinguish the child support arrears for [C.B.]."

We note initially that R.B.'s points relied on fail to comply with the requirements of Rule 84.04(d). Nevertheless, in so far as we can discern the essence of R.B.'s claim without acting as an advocate for him, we will review it. The essence of R.B.'s contentions is that the trial court failed to apply, or misapplied, section 210.854 in denying his motion to adjust arrears, at least to those arrears that accrued after son attained his majority in 2001, if not to all of the arrearages.

▆ R.B. asserts that the trial court incorrectly relied on case law regarding general orders of child support. The trial court's judgment does not actually state this anywhere, but rather simply says that "[h]aving heard the argument presented by counsel, this Court hereby denies Petitioner's Motion to Adjust Arrears." However, we note that the child support order in the divorce decree is set forth as a lump sum of $494.00 for both son and C.B., and is a general order of support. Section 210.854 does not change the established case law in Missouri that where a court awards child support for multiple children as a lump sum, i.e., a general order of child support, the obligor owes that amount until all of the children are emancipated, and the amount owed is not reduced when one child reaches majority, absent the prior approval of the court. *Ricklefs v. Ricklefs,* 111 S.W.3d 541, 545–46 (Mo.App.2003) (quoting *Ogden v. Henry,* 872 S.W.2d 608, 611 (Mo.App.1994)). Accordingly, under the divorce decree R.B. owed $494.00 per month in child support. Section 210.854 does not mandate that the trial court go back in time and turn a general order of

support into a specific order. However, under the particular facts of this case, son attained his majority on January 18, 2001, and all child support that accrued thereafter could only have been for C.B.[1] The trial court determined that R.B. is not the biological father of C.B., and ordered his name removed from her birth certificate.

■■■ Section 210.854.4 provides that:

Upon a finding that the genetic test referred to herein was properly conducted, accurate and indicates that the person subject to the child support payment order has been excluded as the child's father, the court shall, **unless it makes written findings of fact and conclusions of law that it is in the best interests of the parties not to do so:**

(1) Grant relief on the petition and enter judgment setting aside the previous judgment or judgments of paternity and support, or acknowledgment of paternity under section 210.823 only as to the child or children found not to be the biological child or children of the petitioner;

(2) Extinguish any existing child support arrearage only as to the child or children found not to be the biological child or children of the petitioner; and

(3) Order the department of health and senior services to modify the child's birth certificate accordingly.

(Emphasis added). The language of this subsection of the statute uses the word "shall." In general, the use of the word "shall" in a statute prescribes a mandatory duty. *Buehrle v. Missouri Department of Corrections*, 344 S.W.3d 269, 271 (Mo.App. 2011). However, when the legislature has not prescribed a sanction for noncompliance, the use of the word "shall" does not automatically make compliance mandatory. *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 76 (Mo. banc 2009). Whether the word "shall" is mandatory or directory requires that courts look to the context of the statute to ascertain legislative intent. *Id.* There is no sanction for noncompliance, but the context of "shall" in section 210.854.4 indicates a legislative intent that it is mandatory, something that the trial court must do unless it makes written findings of fact and conclusions of law that it is in the best interests of the appropriate parties not to do what is set forth in section 210.854.4(1–3).

The trial court in this case properly ordered R.B.'s name removed from C.B.'s birth certificate in accordance with section 210.854.4(3). However, it neither set aside any child support arrearages as to C.B. since January 18, 2001, nor did it make written findings of fact and conclusions of law that it was not in the best interests of the parties not to do so. Rather, it denied R.B.'s Motion to Adjust Arrears.[2] The trial court failed to comply fully with the

---

1. While it is possible in this case to assert that any child support that accrued after January 18, 2001, had to be due to support for C.B., this would not be true in a case where there were other unemancipated children who were still under the general order of support.

2. On remand, the trial court may address the issue of whether R.B. presented sufficient substantial evidence of the amount of unpaid arrearages due to child support for C.B. that accrued after son became emancipated on January 18, 2001. The State argues that R.B.

did not meet his burden of proof, while R.B. asserts that he did. If there is a lack of such substantial evidence, then the trial court cannot calculate the arrearages to be set aside. In the alternative, pursuant to section 210.854.4, even if there is sufficient substantial evidence regarding the arrearages owing that are due to C.B., the trial court could *still* make written findings of fact and conclusions of law that is in the best interests of the parties not to extinguish those child support arrearages.

requirements of section 210.854. Points sustained.

We reverse and remand with directions to the trial court to comply with the requirements of section 210.854.4 in accordance with this opinion.[3]

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J., concur.

**3.** R.B.'s Motion for Leave of Court to file a supplemental legal file is granted.