Jahala Long ROHNER, Petitioner–
Appellant,

v.

Gail Gene LONG, Respondent–
Respondent.

No. 23991.

Missouri Court of Appeals,
Southern District.

Oct. 30, 2001.

Gary Lentz, Spencer, Scott & Dwyer, P.C., Joplin, for Appellant.

Anita K. Oakes, Glades Law Firm, Joplin, for Respondent.

KENNETH W. SHRUM, Judge.

This is a "modification of a dissolution" case in which Jahala Rohner ("Mother") appeals from that part of a judgment which ordered her to repay "post-emancipation" child support she received from her ex-husband. This court affirms.

## FACTS

The marriage of Mother and Gail Gene Long ("Father") was dissolved January 12, 1987. The dissolution decree awarded Mother legal and physical custody of two children, Shane and Tyler. Father was given visitation privileges with the children and ordered to pay child support.

The January 1987 dissolution decree was modified in certain respects on several occasions not at issue in this appeal. In January 1998, the decree was modified by setting Father's child support obligation at $821 per month for both children. In part, the $821 monthly obligation was ordered because Shane, the eldest son, was attending college and Mother had extraordinary expenses of $666 per month attributable to his schooling.[1] When the January 1998 modification was ordered, Tyler was still living at home with Mother and attending high school.

Shane reached age twenty-two on January 26, 1999, and Father filed a motion to modify the dissolution decree on March 8, 1999. On April 28, 1999, Tyler (age 18) quit college and in June of 1999, he began living with Father. In August of 1999, Tyler enrolled in a new college but left there in October of 1999. Tyler then resumed living with Mother in February of 2000. Father continued to pay the $821 monthly child support amount until September of 1999.

When Father's March 1999 motion was finally tried, he asked that Mother be ordered to repay the child support he had paid after each child's emancipation. The trial court found Shane was emancipated when he reached age twenty-two i.e., January 26, 1999, and Tyler was emancipated on April 28, 1999, i.e., when he quit college. The court further found that Father had paid child support, from January 1999 to September 1999, in the amount of $6,997.44.[2] The court also found Mother failed to notify Father of each child's emancipation as required by § 452.370.4.[3] With that finding made, the court ruled Mother was liable, per the statute, for all overpayments made by Father after each

---

1. Child support obligations can continue past the age of emancipation (18) if a child attends a school of higher education which will continue until the child completes the program or turns age twenty-two, whichever first occurs. § 452.340.5, RSMo (2000). There are other requirements per the statute not at issue here.

2. The circuit clerk testified as to the amounts Father remitted during this time period, but the exact calculation is indeterminable from the record. Furthermore, in its judgment the court (apparently erroneously) used the year 2000 when the testimony was that Father paid these amounts in 1999.

3. All statute references are to RSMo (2001) unless otherwise indicated.

son's emancipation. The court then deducted Father's child support arrearage from the overpayment and entered judgment against Mother for the net amount of $5,067.58. Mother appeals from the judgment thus entered.

## STANDARD OF REVIEW

The standard of review here is that set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *Smith v. Smith*, 17 S.W.3d 592, 595 (Mo.App.2000). The trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law. *Murphy*, 536 S.W.2d at 32[1]; *Smith*, 17 S.W.3d at 595[1].

## DISCUSSION AND DECISION

Mother raises two points on appeal. Regarding her first point, this court notes she has wholly failed to comply with mandatory briefing requirements. Accordingly, we deem this point to be abandoned. No precedential value would be served by a published opinion on this point. We have furnished a memorandum opinion to the parties explaining the basis for our decision in regard to Mother's first point.

For her second point on appeal, Mother alleges the trial court erred when it ordered her to repay Father the child support he paid for Shane after Shane's emancipation on January 26, 1999. Specifically, Mother insists that she was entitled to receive the full $821 per month child support (which was for both children) until Tyler became emancipated on April 28, 1999 (when he quit school) even though she did not notify Father of Shane's emancipation as required by § 452.370.4.

The "notice" statute at issue, § 452.370.4, provides:

"Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support *shall have the duty to notify* the parent obligated to pay support of the child's emancipation and failing to do so, the parent entitled to receive child support *shall be liable* to the parent obligated to pay support for the child support paid following emancipation of a minor child, plus interest." (Emphasis supplied.)

Despite the unambiguous language in § 452.370.4 regarding her duty to notify Father of any emancipation of their children, Mother insists the § 452.370.4 notice was not implicated when Shane reached age twenty-two and, consequently, the repayment mandated by § 452.370.4 was not triggered until Tyler became emancipated. She argues Father and the trial court "both had knowledge of the age and birth date of [Shane]" and as such, the "trial court could have declared [Shane] emancipated [had a proper motion been presented], but [Father] . . . chose not to do so." Mother's position appears to be that since Father and the trial court had actual notice of Shane's twenty-second birthday, her duty under § 452.370.4 to notify Father of Shane's emancipation was eliminated and, for some reason that Mother never explains, Father had to take affirmative action to modify the child support amount. We disagree.

The language in § 452.370.4 clearly and unambiguously evidences a legislative intent that (1) a child support payor's obligation should end upon the child's emancipation (except when *otherwise provided by* a divorce decree or separation agreement), (2) a child-support payee must notify the payor of a child's emancipation from *any* cause, and (3) a child-support payee who

does not give such notice is liable to the payor for any non-arrearage amount received after emancipation. *See Smith,* 17 S.W.3d at 598; *Blackman v. Blackman,* 767 S.W.2d 54, 61 (Mo.App.1989). For this court to read § 452.370.4 as Mother urges would require us to depart from its plain and unambiguous language and engraft on the statute an exception which does not appear in explicit words or by implication from other language in the statute. This we will not do. *See Rogers v. Bd. of Police Comm'rs. of K.C.,* 995 S.W.2d 1, 6[11] (Mo. App.1999).

 When, as here, the language of a statute is clear, courts must give effect to the language as written. *Emery v. Wal–Mart Stores, Inc.,* 976 S.W.2d 439, 449[22] (Mo.banc 1998). "The court should regard the statute as meaning what it says." *Id.* at 449[24]. "It is not the place of this court to surmise what the legislature intended to say or inadvertently failed to say." *Hampton v. Hampton,* 17 S.W.3d 599, 602 (Mo.App.2000). These are fundamental precepts of statutory construction which control the interpretation of § 452.370.

In our view, § 452.370 provides a bright line, mandatory rule and makes no distinction in its notice requirements based on the various ways that emancipation may occur. The legislature could easily have made an exception in § 452.370.4 in not requiring notification of emancipation based on a child's attainment of a prescribed age. Having made no such provision, we presume the legislature meant what it said: namely, notice of emancipation must be given by a child-support payee, without exception, and upon failure to do so, the payee is liable to the payor for child support paid after emancipation, plus interest.

We are hard pressed to discern how this all-inclusive requirement that a child-support payee give notice of emancipation and, on failure to do so, reimburse for post-emancipation support provided by a payor, can lead to inequitable results. To the contrary, the purpose of § 452.370.4 is to "make it absolute," that unless there are express provisions to the contrary in the dissolution decree or separation agreement, a payor's support obligation ends upon emancipation of the child. *Ragan v. Ragan,* 931 S.W.2d 888, 890[1] (Mo.App.1996). The notice and mandatory repayment provisions in the statute are intended to remedy the inequity of a payee receiving post-emancipation child support to which he or she is not entitled. Point II is denied.

The judgment of the trial court is affirmed.

MONTGOMERY, J., CONCURS.

BARNEY, C.J., CONCURS.