**BLUE POOL FARMS, LLC,**
**Appellant/Plaintiff,**

v.

**Ruth BASLER, Trustee of Revocable Trust of Ruth Basler, Dated May 11, 1998, and Antje Horton, Respondents/Defendants.**

**No. ED 89462.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 2007.

---

1. All future references are to RSMo 2000, unless otherwise indicated.

Daniel R. Schramm, Timothy E. Hayes & Assoc., L.C., St. Louis, MO, Frank J. Elpers, Elpers & Inman, P.C., Ste. Genevieve, MO, for appellant.

William B. Needle, Farmington, MO, for respondent Ruth Basler.

Terry R. Rottler, Ste. Genevieve, MO, for respondent Antje Horton.

ROY L. RICHTER, Judge.

Blue Pool Farms, L.L.C. ("BPF") appeals the judgment denying BPF a private road or a prescriptive easement through property owned by Antje Horton ("Horton") and Ruth Basler ("Basler"), respectively, and granting an injunction prohibiting BPF from entering Horton's property. We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

BPF purchased land near property owned by Basler and Horton ("Landowners").[1] BPF accesses its land using a roadway ("Roadway") passing through Landowner's property. In its petition, BPF alleged that Roadway constituted a prescriptive easement, or, in the alternative, that the establishment of a private road was a strict necessity.

Horton filed an answer and counterclaim, alleging that the prior use of the roadway was permissive and that the establishment of a private road would diminish her land's value. Basler similarly asserted that prior use of Roadway was permissive. Horton further argued that BPF should be enjoined from entering upon her property.

The trial court heard evidence and entered judgment in favor of Landowners, finding that BPF failed to prove the necessary elements for a prescriptive easement and that BPF failed to produce clear and convincing evidence that Roadway was the only means for accessing its property. The trial court further granted Horton's

---

1. The case from which this appeal arises was originally filed by BPF's predecessor in title.

counterclaim for injunctive relief. BPF appeals.

## II. DISCUSSION

On review of a court-tried case, we must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "[W]e view all evidence in a light that supports the circuit court's judgment and disregard all contrary evidence." *Motorsport Marketing, Inc. v. Wiedmaier, Inc.*, 195 S.W.3d 492, 497 (Mo.App. W.D.2006). We review questions of law de novo. *Smith v. Shaw*, 159 S.W.3d 830, 832 (Mo. banc 2005).

In its first point, BPF asserts, in part, that the trial court erred in rejecting BPF's private road claim because the trial court used an incorrect evidentiary standard in determining whether Roadway was BPF's only means of accessing its property. We agree.

■ "Pursuant to Section 228.342 [RSMo 2000][2], a private road may be established in favor of an owner of real property for which there is no access to a public road, if the private road 'is a way of strict necessity.' " *Beery v. Shinkle*, 193 S.W.3d 435, 441 (Mo.App. W.D.2006) (citing Section 228.342). In order to prevail, a plaintiff must show that he owns the land, that there exist no public roads through or alongside the land and that the private road petitioned for is mandated by strict necessity. *Id.* Strict necessity includes "the necessity to establish . . . a private road in order to utilize the property for the uses permitted by law." Section 228.342. In other words, strict necessity is "the lack

of a legally enforceable right to use a practicable way to and from a person's land, either private or public." *Kirkpatrick v. Webb*, 58 S.W.3d 903, 907 (Mo.App. S.D.2001).

■ Here, the trial court found that BPF "failed to present clear and convincing evidence that [BPF] did not have reasonable legal access to the property." However, within Section 228.342, there exists no requirement that a plaintiff prove a private road by necessity through clear and convincing evidence. Further, a review of Missouri case law reveals that no Missouri Court has imposed such a burden. For this reason, the trial court erroneously declared the law in mandating that BPF prove its case by clear and convincing evidence.

■ Next, we must determine whether the trial court's error prejudiced BPF, constituting reversible error. *Beery*, 193 S.W.3d at 442. Our concern in a judge tried case is the correctness of the trial court's decision, not the means by which the trial court reached that decision. *Id.* Consequently, "in determining prejudice in a judge-tried case, the issue is whether, absent the trial error in question, the outcome of the case would have been different." *Id.*

Here, both BPF's argument and Landowners' responses center on the sufficiency of BPF's evidence. At trial, BPF and Landowners, alike, presented witness testimony regarding the presence or absence of alternate means of access to BPF's land other than Roadway. Thus, the sufficiency of BPF's evidence rests on the credibility of such witnesses. "[C]redibility of . . . witnesses and the weight to be given their testimony are matters for the trial court,

---

**2.** All further statutory references are to RSMo 2000. Section 228.342 provides that:
[a] private road may be established . . . in favor of any owner . . . of real property for

which there is no access . . . from such property to a public road if the private road sought to be established . . . is a way of strict necessity.

which is free to believe none, part, or all of the testimony." *Farm Properties Holdings, L.L.C. v. Lower Grassy Creek Cemetery, Inc.,* 208 S.W.3d 922, 924 (Mo.App. S.D.2006) (citation omitted). Because the sufficiency of BPF's evidence depends on credibility considerations within the sole discretion of the trial court, we cannot say that BPF was not prejudiced by the trial court's error. We are unable to find that the outcome of this case would not have been different had the trial court imposed the appropriate burden. Accordingly, point granted.

In its second point, BPF asserts the trial court erred in rejecting BPF's claim for a prescriptive easement because the trial court wrongly considered whether BPF's predecessor in title had exclusive use of Roadway and because the trial court failed to shift the burden to Landowners to prove that BPF's predecessors in title's use of Roadway was permissive. BPF further argues that if the burden had been allocated properly, BPF presented a submissible case.

■ We note, initially, that the trial court applied the correct evidentiary burden, clear and convincing evidence, for BPF's prescriptive easement claim. "[A] party claiming the existence of [a prescriptive easement] must show the elements by clear and convincing evidence." *Shapiro Bros., Inc. v. Jones–Festus Properties, L.L.C.,* 205 S.W.3d 270, 274 (Mo.App. E.D. 2006).

■ We now turn to BPF's point. BPF is correct that the trial court erred in considering exclusivity as a factor in determining whether a prescriptive easement exists. "To establish a prescriptive easement, it is necessary to show use that has been continuous, uninterrupted, visible and adverse for a period of ten years." *Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504, 508 (Mo. banc 1993). However, "[i]t is not required that the …

use be exclusive. The claimant of an easement claims only the right to make certain use of the land and does not claim to possess the whole title and exclude the owner from it for all purposes." *Id.* Because the trial court required that BPF show its use of Roadway was exclusive, the trial court misapplied the law.

Landowners assert, however, that even though the trial court erred in considering exclusivity, BPF's claim for a prescriptive easement fails because the trial court found that use of Roadway was permissive. BPF argues that such a burden rested with Landowners.

■ A party claiming a right of use "enjoys a presumption that the use is adverse and under a claim of right when there has been a long and continuous use of the disputed property." *Gill Grain Co. v. Poos,* 707 S.W.2d 434, 438 (Mo.App. W.D.1986). This presumption places the burden on the party challenging the easement to show that the use was permissive and not adverse. *Id.* However, this presumption does not arise when a showing is made that the use was permissive in origin. *Carpenter–Union Hills Cemetery Ass'n v. Camp Zoe, Inc.,* 547 S.W.2d 196, 200 (Mo.App. S.D.1977):

> Mere use of a passage over another's land for a long time with his knowledge is not necessarily an adverse use and if it is permissive in its inception, such permissive character, being stamped on the use at the outset, will continue of the same nature and no adverse user will arise until a distinct and positive assertion of a right hostile to the owner, and brought home to him, can transform a subordinate and friendly holding into one of an opposite nature. Mere permissive use of land cannot ripen into an easement.

*Id.*

Here, the trial court found that BPF's use and BPF's predecessor's use of Road-

way "was permissive in origin and remained permissive." At trial, multiple witnesses testified to the cordial nature of Horton's relatives and BPF's predecessors in title. In fact, one testified, "Back then ... [i]t was a neighborly thing to use the roads. My dad wouldn't have turned anyone away. And if they had wanted access back there, he would let them." As mentioned above, credibility determinations are left to the trial court. *Farm Properties Holdings, L.L.C.*, 208 S.W.3d at 924 (citation omitted). The trial court's finding that BPF's use and BPF's predecessor's use of Roadway "was permissive in origin" is, therefore, supported by substantial evidence. Accordingly, BPF's argument that the trial court erred by not shifting the burden to Landowners to prove that BPF's predecessors in title's use of Roadway was permissive fails. Further, the trial court's finding that BPF's and BPF's predecessor's use of Roadway "remained permissive" is supported by substantial evidence. For these reasons, we cannot say the trial court erred in denying BPF's claim for a prescriptive easement. Point denied.

### III. CONCLUSION

The judgment is affirmed as to BPF's prescriptive easement claim and with regard to BPF's private road claim, the judgment is reversed and remanded for a new trial with the appropriate evidentiary burden.

PATRICIA L. COHEN, C.J., and ROBERT G. DOWD, JR., J., Concur.