### Dorothy MANNING, Claimant–Appellant,

v.

### WAL–MART ASSOCIATES, INC., Employer,

and

### Division of Employment Security, Respondent.

#### No. SD 29381.

Missouri Court of Appeals, Southern District, Division Two.

March 24, 2009.

had no mechanism to regulate any of the buildings or lagoons.

Dorothy Manning, Long Lane, pro se.

Ninion S. Riley, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER,
Judge.

Dorothy Manning ("Appellant") was discharged by her employer and thereafter filed a claim for unemployment benefits. Her employer objected to the claim. A Division of Employment Security deputy issued a determination that Appellant was disqualified from receiving benefits because she was discharged for misconduct connected with work. Appellant appealed to the Division of Employment Security Appeals Tribunal ("the Appeals Tribunal").

The Appeals Tribunal mailed Appellant a Notice of Telephone Hearing. The notice set the date and time of the telephone hearing and instructed Appellant to "verify that any phone you elect to use is in working order, will accept incoming calls, and is not busy at the time the hearing is scheduled to occur." The notice warned Appellant that the referee would only call a telephone number "twice if the number provided is busy or is answered by an answering machine or voice mail." On the date of the telephone hearing, the referee called Appellant's telephone number twice and received voice mail both times. The referee then dismissed the appeal because Appellant did not participate in the telephone hearing.

Appellant filed an Application for Review with the Labor and Industrial Relations Commission ("the Commission"). The Commission remanded the case to the Appeals Tribunal for a hearing to develop evidence regarding Appellant's failure to participate in the telephone hearing and regarding the merits of the case. During the hearing, Appellant testified that she did not know what caused the communication problem the day of the telephone hearing but assumed that she did not have a signal where she was at the time of the calls. The Appeals Tribunal found that

Appellant failed to show good cause for her failure to participate in the telephone hearing and dismissed the case.

■ Appellant then appealed the dismissal to the Commission, which affirmed and adopted the Appeals Tribunal's decision. Appellant now appeals, *pro se,* the Commission's order disqualifying her from unemployment benefits. Because Appellant has not filed a brief adequate for meaningful review and has not raised a claim that is reviewable by this Court, the Commission's decision is affirmed.

Rule 84.04 provides the requirements for an appellant's brief.[1] Appellant's brief fails to comply with Rule 84.04 in the following ways: (1) the jurisdictional statement violates Rule 84.04(b) because it does not state the grounds on which jurisdiction of this Court is invoked; (2) the requirements of Rule 84.04(d)(2)(A)–(C) have not been adhered to as the two points relied on do not identify the administrative ruling or action being challenged, state the legal reasons for the claim of reversible error, or explain why, in the context of the case, those legal reasons support the claim of reversible error; (3) in violation of Rule 84.04(e), the argument does not include the applicable standard of review; (4) only one of the two points relied on is actually discussed in the argument; and (5) neither the statement of facts nor the argument contains references to the legal file or transcript, in violation of Rule 84.04(i).

■ Although Appellant is a *pro se* litigant, she is held to the same standards as attorneys and must comply with the Supreme Court's procedural rules, including Rule 84.04. *Carlson v. Healthcare,* 275 S.W.3d 382, 384 (Mo.App. S.D.2009). "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* appellants preferential treatment with regard to their compliance with those procedural rules." *Ward v. United Engineering Co.,* 249 S.W.3d 285, 287 (Mo.App. E.D.2008). Because Appellant's brief does not comply with Rule 84.04's requirements, it preserves nothing for appellate review. *Falls Condominiums Owners' Ass'n, Inc. v. Sandfort,* 263 S.W.3d 675, 679 (Mo.App. S.D.2008).

Even if we were to overlook the complete disregard for the rules of appellate procedure in Appellant's brief, we would still have to affirm the Commission's order because Appellant has not raised a claim that is reviewable by this Court. Although the actual claim raised by Appellant is difficult to discern due to the inadequacies of her brief, we believe that she is asking this Court to decide whether she was discharged for misconduct connected with her work. The Appeals Tribunal, however, did not determine whether Appellant was discharged due to misconduct; rather, the Appeals Tribunal dismissed her case because it found that she did not have good cause for her failure to participate in the telephone hearing. Thus, when the Commission reviewed the Appeals Tribunal's dismissal, the only issue before it was whether Appellant had good cause for failing to participate in the telephone hearing, not whether Appellant had been discharged for misconduct. Appellant does not even address that issue in her points or argument. Upon review, we may only address those issues that were before the Commission. *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004). We, therefore, do not address whether Appellant was discharged for misconduct. The decision of the Commission is affirmed.

BURRELL, P.J., PARRISH, J., concur.

---

1. All rule references are to Missouri Court Rules (2008), unless otherwise specified.