ST. LOUIS COUNTY, Respondent,

v.

Sandra HIMES, Appellant.

No. ED 94374.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 28, 2010.

Sandra Himes, St. Louis, MO, pro se.

Victor Melenbrink, Clayton, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Sandra Himes ("Appellant") was convicted in the St. Louis County Circuit Court, Municipal Division, of violating Section 607.140[1] of St. Louis County Revised Ordinances for failing to have an agreement in effect with a waste collection service for the collection of waste generated at her home. Appellant claims the trial court erred in finding her in violation of Section 607.140 because she had an agreement in effect with General Gasket Corporation ("GGC"). The agreement with GGC allowed Appellant to dispose of waste generated at her home by taking it to GGC, which had an agreement with a waste collection service. Appellant also claims the trial court erred in not finding that she complied with Section 607.140 by complying with Section 607.100 and Section 607.120. We affirm.

### Factual and Procedural History

On May 29, 2009, Appellant was issued a citation for violating Section 607.140 of St. Louis County Revised Ordinances. Section 607.140 provides:

> If waste collection service is reasonably available for a premise where waste is generated, an agreement shall be in effect for the collection of waste generated on the premises with a waste collection service having waste collection vehicles licensed by the Director for the collection, transportation, and disposal of waste. It shall be the responsibility of the property owner and the person generating the waste to assure that an agreement for the collection of waste is in effect.

Appellant is the owner and a resident of the property located at 9572 General Lee Drive. Allied Waste is the only waste collection service licensed by St. Louis County to provide waste collection services to Appellant's residence. When she received the citation, Appellant did not have an agreement with Allied Waste for the collection, transportation, and disposal of waste generated at her home.

At some point before May 29, 2009,[2] Appellant entered into an agreement with GGC which allowed her to deposit waste generated at her residence into the waste container located on the premises of GGC. GGC had a valid agreement with a waste collection service for the collection of the waste in that container. Appellant produced copies of both agreements at trial.

---

1. All statutory references are to St. Louis County Revised Ordinances (2007)

2. The agreement between Appellant and GGC is not dated. However, Respondent does not contest that the agreement was in effect before May 29, 2009.

After a bench trial, Appellant was found to be in violation of Section 607.140. In its decision, the trial court did not issue any findings of fact or conclusions of law. Appellant was fined $50 and costs. This *pro se* appeal follows.

### Standard of Review

■ Appellant alleges the trial court erred in its interpretation and application of Section 607.140. Statutory interpretation is an issue of law; therefore, no deference is due to the trial court's judgment and we review the issue *de novo*. *Bolt v. Giordano*, 310 S.W.3d 237, 242 (Mo.App. E.D.2010). *See* also *White v. Tariq*, 299 S.W.3d 1, 3 (Mo.App. E.D.2009) (Matters of statutory interpretation and whether a statute applies to a given set of facts are reviewed *de novo* ).

### Discussion

Appellant raises nine points in this appeal, most of which fail to substantially comply with the briefing requirements set forth in Rule 84.04.[3] Although Appellant is a *pro se* litigant, she is held to the same standards as attorneys and must comply with the Supreme Court's procedural rules. *Manning v. Wal–Mart Associates*, 284 S.W.3d 678, 680 (Mo.App. S.D.2009). Despite Appellant's failure to adhere to the briefing requirements, we will review her claim for the two issues which we are able to glean from her brief.

■ In the first point we can discern from Appellant's brief, Appellant appears to claim the trial court erred in interpreting Section 607.140 because it found that Appellant did not satisfy Section 607.140 when she entered into an agreement with GGC. Under the agreement, Appellant was allowed to deposit waste generated at her residence into GGC's waste container for collection by a waste collection service, pursuant to an agreement between GGC and a waste collection service. The Court found that this was a violation of Section 607.140.

■ The primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute at issue. *Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 673 (Mo. banc 2009). "When the language of a statute is clear, we presume the legislature intended what it plainly and unambiguously said." *Michel v. Michel*, 94 S.W.3d 485, 488 (Mo.App. S.D.2003). *See also MC Dev. Co., LLC v. Central R–3 School Dist. of St. Francois County.*, 299 S.W.3d 600, 605 n. 2 (Mo. 2009) (If a statute is clear, there is no need to apply any rules of statutory construction).

Section 607.140 is clear in what it requires. Where waste collection service is reasonably available, (1) an agreement shall be in effect for the collection of waste generated on the premises; (2) the agreement must be with a waste collection service having waste collection vehicles licensed by the Director for the collection, transportation, and disposal of waste; and (3) the property owner and the person generating the waste are responsible for assuring an agreement is in effect.

It is undisputed that Appellant is the owner and a resident of a home located in an area where waste collection service was reasonably available. Therefore, it was Appellant's responsibility to have an agreement in effect for the collection of waste generated on the premises and that agreement should have been with a waste collection service. Appellant is correct in her assertion that Section 607.140 does not require her, personally, to be a party to an

---

**3.** All rule references are to Mo. Sup.Ct. R. (2010), unless otherwise indicated.

agreement with a waste collection service, however, Section 607.140 does require Appellant to assure that an agreement with a waste collection service is in effect for the collection of waste generated at her home. On May 29, 2009, there was no such agreement in effect.

Appellant did have an agreement in effect regarding the disposal of waste generated at her premises, but that agreement was with GGC and GGC is not a waste collection service. Therefore, Appellant's agreement with GGC does not satisfy the plain and unambiguous language of Section 607.140 and the trial court did not err in finding that Appellant was in violation of Section 607.140. Appellant's first point is denied.

■ In Appellant's second discernible point, she claims the trial court erred in not finding that she complied with Section 607.140 by complying with Section 607.100 and/or Section 607.120. We disagree.

In arguing that Section 607.140 is satisfied through compliance with Section 607.100 or Section 607.120, Appellant essentially asks this court to find that Section 607.100 and Section 607.120 create an exception to the requirement set forth in Section 607.140. We find nothing in the ordinance that warrants such a finding.

Section 607.100 provides:

Waste Not to Be Deposited in Unauthorized Container.—No person shall deposit waste in any waste container other than a waste container on the premises where the waste is generated without the consent of the owner of such waste container.

Section 607.120 provides in pertinent part:

Placement of Waste Containers and Bulky Non–Containerized Waste.—1. Residential waste and/or recovered material containers and bulky/non-containerized waste shall be stored upon the premises where the waste was generated, unless written permission for the storage on other premises is obtained from a person having authority to grant such permission.

. . . .

Section 607.100, as indicated by its title, pertains only to the unauthorized placement of waste into a container owned by someone other than the person placing waste into the container. This section requires a person to obtain the permission of the owner of a waste container before depositing waste into that container; it does not relieve a person of the obligation set forth in Section 607.140.

Section 607.120, as indicated by its title, pertains to the placement of waste containers and bulky non-containerized waste. This section requires a person to store a waste container or bulky non-containerized waste on the premises where the waste is generated, unless permission is obtained to allow the container or bulky non-containerized waste to be stored on other premises. This section does not relieve a person from the obligation set forth in Section 607.140.

Section 607.140 is clear in its requirements and neither Section 607.100 nor Section 607.120 contains language creating an exception to the requirement of Section 607.140. We will not "engraft on the [ordinance] an exception which does not appear in explicit words or by implication from other language in the [ordinance]." *Rohner v. Long*, 57 S.W.3d 920, 923 (Mo.App. S.D.2001). In *Rohner*, the Southern District found that the statute at issue in that case provided "a bright line, mandatory rule and [made] no distinction" in its requirements. *Id.* The court noted that "[t]he legislature could easily have made an exception" to the requirements of the statute and since no such exception was

made, the court presumed the legislature meant only what it said. *Id.*

In the present case, Section 607.140 creates "a bright line, mandatory rule" and neither Section 607.100 nor Section 607.120 makes a distinction or exception to the requirements of Section 607.140. *Id.* The Council could have easily made an exception to Section 607.140, however, it did not; therefore we will presume the Council meant only what it said. *Id.* This Court cannot supply that which the Council has, either deliberately, or inadvertently, or through lack of foresight, omitted from the controlling ordinance. *St. Louis Police Officers Ass'n v. Board of Police Com'rs of City of St. Louis*, 259 S.W.3d 526, 530 (Mo. banc 2008). To hold that Section 607.100 or Section 607.120 creates an exception to the requirements of Section 607.140 would require this court to add words that do not exist in the ordinance. *Id.* This, we decline to do.

Accordingly, we find the trial court did not err in finding Appellant in violation of Section 607.140 because Appellant did not assure that an agreement was in effect with a waste collection service for the collection of waste generated at her residence and because neither Section 607.100 nor Section 607.120 provides an exception to the requirements of Section 607.140.

### Conclusion

For the above stated reasons, the judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J., and GLENN A. NORTON, J., concur.