**Benjamin HIRSCH and Jessie R. Hirsch, Plaintiffs/Appellants,**

v.

**Thomas EBINGER and Ruth Ebinger, Defendants/Respondents.**

No. ED 94432.

Missouri Court of Appeals, Eastern District, Division Five.

March 8, 2011.

---

Matthew A. Schroeder, Union, MO, for appellants.

Daniel M. Buescher, Washington, MO, for respondents.

GARY M. GAERTNER, JR., Presiding Judge.

## Introduction

Plaintiffs, Benjamin Hirsch and Jessie R. Hirsch, appeal from the judgment entered for defendants, Thomas Ebinger and Ruth Ebinger, on plaintiffs' action requesting a prescriptive easement. We affirm.

## Background

On April 15, 2005, plaintiffs filed their original petition. Plaintiffs filed their first amended petition on April 16, 2008. Plaintiffs alleged that they owned real property in Franklin County. Plaintiffs further alleged they had access to their property over defendants' property, "whereby they would travel over Log Cabin Road as well as an existing gravel driveway." Plaintiffs also alleged that sometime during 2004 defendants constructed a horse barn across the existing gravel driveway cutting off access, ingress and egress to plaintiffs' property. In addition, plaintiffs alleged that they and their predecessors in title had used the roadway "adverse to all other under a claim of right, hostile, open and notorious, and for a continuous and uninterrupted term of more than forty (40) years." Plaintiffs requested an order for a prescriptive easement and that defendants "remove" their barn.

At trial, five witnesses testified for plaintiffs and four witnesses testified for defendants. Thereafter, the trial court entered judgment for defendants. Plaintiffs filed a motion for reconsideration or new trial which the trial court denied. Plaintiffs appeal.

## Discussion

In a court-tried case, the judgment will be affirmed if there is substantial evidence to support it, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *MC Dev. Co. v. Central R–3 School Dist. of St. Francois County*, 299 S.W.3d 600, 602 (Mo. banc 2009). An appellate court gives great deference to the trial court's resolution of conflicts in evidence. *Id.* "When determining the sufficiency of the evidence, an appellate court will accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree and disregard all contrary evidence." *Watson v. Mense*, 298 S.W.3d 521, 526 (Mo. banc 2009). Further, an appellate court gives due regard to the trial court's opportunity to have judged the credibility of the witnesses. Rule 84.13(d)(2); *MC Dev. Co.*, 299 S.W.3d at 602. A trial court is free to believe or disbelieve all, part or none of the testimony by any witness. *Watson*, 298 S.W.3d at 525.

We will affirm the trial court's judgment on any basis supported by the record. *Reagan v. County of St. Louis*, 211 S.W.3d 104, 107 (Mo.App. E.D.2006). In addition, the trial court in this case did not issue findings of fact and the record does not indicate that the parties requested findings. Pursuant to Rule 73.01, "all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *See Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 870 (Mo.App. E.D.2004).

■ In their sole point on appeal, plaintiffs argue that the trial court's judgment is against the weight of the evidence, is not supported by substantial evidence and erroneously applies the law. Plaintiffs contend that there was clear and convincing

evidence presented at trial that showed they were entitled to a prescriptive easement because their use of the "lane" was adverse, continuous, visible and uninterrupted from 1965 until they filed their original action, April 2005. Plaintiffs further contend that they used the "lane" without defendants' permission "who were on notice that the lane existed at the time of their purchase, and throughout their ownership, until they constructed a horse barn across the lane," thereby prohibiting plaintiffs' further and continued use.

■ For their claim of a prescriptive easement, plaintiffs must prove that their use was continuous, uninterrupted, visible and adverse for a period of ten years. *Leonard v. Robinson,* 276 S.W.3d 868, 873 (Mo.App. E.D.2009). Plaintiffs bear the burden of proving by clear and convincing evidence the required elements for a prescriptive easement. *Id.* Further, Missouri law disfavors the creation of prescriptive easements. *Id.*

We first analyze the time before defendants bought their property in 1988. For the period before 1988, the trial court could have found that plaintiffs failed to prove the visible element for a prescriptive easement claim.

■ To establish the visible element, the party seeking the easement is required to show that the servient landowner had notice of the use and that the use was visible. *Kirkpatrick v. Webb,* 58 S.W.3d 903, 906 (Mo.App. S.D.2001) (citation omitted). Notice may be either actual or constructive, or may be inferred by the trial court. *Id.* The visual, actual use commonly serves as notice to the landowner. *Id.* Further, the acquisition of prescriptive

rights is similar to acquiring title by adverse possession. *Id.* Accordingly, "we look to the definition of visible under adverse possession for aid in determining what is necessary to meet the visible requirement for a prescriptive easement." *Id.* "The prescriptive easement requirement that the use be visible relates to the adverse possession requirement that the use be open and notorious." *Id.* The open and notorious requirement is established by visible acts of ownership exercised over the premises. *Id.*

Benjamin Hirsch testified about his use of the property prior to 1988.[1] During cross-examination, Mr. Hirsch stated that he did not remember seeing anyone when he was using the old logging road. Defendants' counsel then asked, "And so no one was aware then, if you didn't see anybody, that you were using the road; isn't that correct?" Mr. Hirsch responded, "I would say—I didn't see, they didn't see me right." Given this court's standard of review, the trial court could have found that Mr. Hirsch's testimony did not support the required visible element for the period prior to 1988.

■ For the period after 1988, the trial court could have found that plaintiffs' use of the property was permissive. If plaintiffs' use was found to be permissive then they would fail on the adverse requirement for a prescriptive easement claim. *Leonard,* 276 S.W.3d at 874; *Blue Pool Farms v. Basler,* 239 S.W.3d 687, 691–92 (Mo.App. E.D.2007); *Kirkpatrick,* 58 S.W.3d at 906–07. "While a prescriptive easement requires a use that is 'continuous, uninterrupted, visible, and ad-

---

1. Michael Patzius, his wife Patricia Patzius, and Liebert Patzius testified they first went to the property beginning in 1990 or 1991, 1992 or 1993, and 1998 or 1999, respectively. Michael Patzius and Liebert Patzius are Jessie Hirsch's sons and Benjamin Hirsch's stepsons. Plaintiffs' other witness, Michael Burke, a surveyor, testified regarding the survey he prepared for plaintiffs in 2004.

verse for a period of ten years,' use that is permissive cannot be grounds for a prescriptive easement." *Leonard*, 276 S.W.3d at 874 (citation omitted). If the use has been open, continuous, visible and uninterrupted for longer than ten years, then a presumption arises that the use was adverse and the burden shifts to the landowner to show that the use was permissive. *Id.* "Upon a showing of evidence of permissive use, the presumption of adversity disappears." *Id.* Whether the use was permissive is a matter involving witness credibility that should be resolved in this case by the trial court. *Id.*

Mr. Ebinger testified that he and his wife, Ruth Ebinger, purchased thirty-five acres, in the spring of 1988.[2] Mr. Ebinger stated that "[Michael Patzius] and [Liebert Patzius] on one occasion each, perhaps two for [Michael Patzius] and his wife, had come back to our property during the daytime on a weekend and asked if they could park their car at what [Michael Patzius] described as a little parking area, and in every instance we granted them that permission so that they might picnic or hike with their children on their property." Mr. Ebinger next testified that "[t]hey always stopped." Mr. Ebinger did testify that one time he did not give Liebert Patzius permission to go through his property but this occurred after he was "served" for this case. Ruth Ebinger testified that she saw Benjamin Hirsch, Michael Patzius and Liebert Patzius one time each, and that each time she gave them permission to access plaintiffs' property. Given this court's standard of review, the trial court could have found that plaintiffs' use was permissive after 1988. *See Leonard*, 276 S.W.3d at 874–75; *Blue Pool*

*Farms, LLC,* 239 S.W.3d at 691–92; *Kirkpatrick,* 58 S.W.3d at 906–07.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence and does not misapply the law. Plaintiffs' point is denied.

### Conclusion

The judgment of the trial court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.

---

2.  Mr. Ebinger also testified that right before they purchased the property they obtained an easement for access to their property with the

"proviso" that they build a road with certain specifications from the grantor.