

**FILED**
**Feb 11, 2022**
**02:17 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Marie P. Bailey,** | ) | **Docket No.: 2021-01-0057** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon,** | ) | **State File No.: 800047-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **Zurich American Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an Expedited Hearing to determine Ms. Bailey's entitlement to medical and temporary disability benefits. Amazon denied Ms. Bailey's claim after she missed two doctor appointments. After considering the proof, the Court holds Ms. Bailey is entitled to medical benefits but not temporary disability benefits.

### History of Claim

On November 15, 2020, Ms. Bailey caught her right hand between two merchandise carts. She immediately reported her injury to Amazon's on-site medical clinic. Ms. Bailey requested medical treatment the next day and selected Dr. Robert Sass from a panel.

Ms. Bailey saw Dr. Sass for right-hand pain, swelling, and bruising on November 24. He ordered x-rays, provided a soft hand support, and assigned restrictions limiting her right-hand gripping to five hours. On an Amazon form, Dr. Sass checked a box identifying her right-hand injury as "work-related."

Ms. Bailey then missed two appointments with Dr. Sass. His office scheduled a return visit, but she rescheduled it for a week later because she had COVID. She also explained she missed a later appointment because she was unaware of it.

Amazon denied Ms. Bailey's claim on January 1, 2021, due to "[n]on compliance [sic], Ms. Bailey has missed two scheduled appointments."

1

Ultimately, Ms. Bailey saw Dr. Sass on January 11. She reported continued pain and swelling. Dr. Sass referred Ms. Bailey for a right-hand MRI for pain "following a crush injury." Dr. Sass increased her right-hand restrictions to five hours of repetitive motion and gripping, until her January 26 appointment. However, Ms. Bailey stated he did not see her again due to the denial, and she lost her health insurance when Amazon terminated her.[1]

Dr. Sass completed a Medical Questionnaire from Amazon approximately five months later. He checked "yes" to the following questions:

> Per Tennessee law, medical noncompliance occurs when patients fail to attend a single scheduled doctor's visit. Ms. Bailey is this [sic] medically noncompliant for missing a scheduled visit. She has missed at least three regularly scheduled visits. Thus, with regard to her right-hand contusion injury, do you believe that Ms. Bailey's missed appointments impacted your ability to provide her necessary medical care?

> If yes, was this medical noncompliance a negative impact on the treatment of Ms. Bailey?

> If you opined that Ms. Bailey's medical noncompliance impacted your treatment of her, is it your medical opinion that Ms. Bailey's medical noncompliance acted as an intervening event that impacts her recovery and treatment from her right-hand contusion?

> If yes, do you believe that Ms. Bailey's medical noncompliance and the delay in her treatment that it caused contributed more than fifty percent (50%) in causing her current condition?

Amazon argued these responses support its position.

### Findings of Fact and Conclusions of Law

Ms. Bailey must present sufficient evidence showing she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021). The Court holds she would likely prevail in her claim for medical benefits but not temporary disability benefits.

---

[1] Ms. Bailey did not testify about the circumstances surrounding her termination.

*Medical Benefits*

Here, Amazon denied Ms. Bailey's claim because she missed two appointments. It asserted that the missed appointments equated to medical non-compliance.

However, the Court is unaware of any statute or case law that supports Amazon's position. Tennessee Code Annotated section 50-6-204(d)(8) addresses medical non-compliance. It applies when an employee *refuses* to comply with a reasonable request for examination or *refuses* to accept the medical treatment offered. If applicable, the statute provides that an employee's "right to compensation shall be suspended and *no compensation shall be due and payable* while the injured employee continues to *refuse*." (Emphasis added.) The plain language of the statute permits an employer to suspend temporary disability benefits until an employee is willing to comply with treatment. Further, "in circumstances where an employee is noncompliant with medical treatment, "compensation shall be held in abeyance, not terminated." *Newell v. Metro Carpets, LLC*, No. 2015-05-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 57, at *4-5 (Sept. 28, 2016).

After its denial, Amazon sent a Medical Questionnaire to Dr. Sass that included numerous incorrect statements. First, the questionnaire incorrectly stated that Ms. Bailey missed three scheduled appointments (she missed two). Second, the questionnaire classified the missed appointments as medical noncompliance without including Ms. Bailey's explanations for the absences. Third, the questionnaire identified the missed appointments as an "intervening event." Fourth and finally, it posed a causation question asking if Ms. Bailey's "medical noncompliance" contributed more than fifty percent in causing her current condition. The Court affords this letter little weight, because, "[w]here hypothetical questions seeking expert opinion evidence assume facts not in evidence, the questions are improper and of no value." *Bearden v. Memphis Dinettes, Inc.,* 690 S.W.2d 862, 868 (Tenn. 1984).

Medical noncompliance is inapplicable here. Ms. Bailey never refused to accept the medical treatment Amazon offered. Her undisputed testimony is that she missed one appointment due to having COVID-19, and she was unaware of the second appointment.

Likewise, no "intervening event" occurred. In *Anderson v. Westfield Grp*., 239 S.W.3d 690, 697 (Tenn. 2008), the Court held that a natural consequence of a work injury is compensable unless the independent intervening cause is non-work related and results from the negligence of the injured employee. *Id*. at 699. Negligence is defined as "simply the failure to use reasonable care under the circumstances." *Id*. at 698. No evidence exists that shows any injury or later condition occurred.

Here, Amazon put the cart before the horse. It denied Ms. Bailey's claim without having a good-faith basis to do so. It attempted to justify the denial by procuring a causation opinion from Dr. Sass after the fact. Amazon's medical questionnaire provided

incorrect information to Dr. Sass, so the Court cannot rely upon it. The Court finds Amazon's handling of this claim concerning.

Ms. Bailey requested medical benefits. To receive benefits, she must show, to a reasonable degree of medical certainty, that the November 15, 2020, incident contributed more than fifty percent in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(14). It is undisputed that Ms. Bailey sustained a right-hand injury while working at Amazon on November 15, 2020. Likewise, Dr. Sass checked a box identifying her injury as "work-related" on an Amazon form. He also ordered a right-hand MRI on January 11, 2021, "following crush injury." Therefore, the Court holds Ms. Bailey is likely to prevail at a hearing on the merits that she is entitled to medical benefits.

*Temporary Partial Disability Benefits*

Ms. Bailey also requested temporary partial disability benefits. To recover these benefits, she must prove she earned less than her average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A). Dr. Sass last assigned restrictions on January 11, 2021, and it is unclear how long those restrictions remained in place. Likewise, the parties submitted no proof of her wages or the circumstances surrounding her termination. Therefore, the Court must deny Ms. Bailey's request at this time.

*Compliance Program Referral*

The Compliance Program is specifically authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. The Court refers this matter to the Compliance Program for possible penalty assessments under Tennessee Code Annotated section 50-6-118 regarding its handling of Ms. Bailey's claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon shall provide Ms. Bailey additional medical treatment for her right- hand injury with Dr. Sass, including the recommended MRI, under Tennessee Code Annotated section 50-6-204.

2. The Court denies Ms. Bailey's request for temporary disability benefits at this time.

3. This case is set for a Status Hearing on **Wednesday, April 6, 2022, at 10:00 a.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001. Failure to call may result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. The Court refers this case to the Compliance Program for consideration of the imposition of penalties.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED February 11, 2022.**


_Audrey Headrick_____

**Audrey A. Headrick**
**Workers' Compensation Judge**

**APPENDIX**

Exhibits:
1. Rule 72 Declaration of Ms. Bailey
2. First Report
3. Panel
4. Authorization for Initial Medical Evaluation
5. Medical records of Dr. Sass
6. Medical Questionnaire
7. Healthcare Provider Request for Information
8. Hamilton Physician Group letter
9. Notice of Denial
10. Workers' Compensation Referral Notification
11. Email communications
12. Termination letter (Identification Only)
13. Appointment log (Identification Only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 11, 2022.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Marie Bailey, Employee | X | X | Baileys0814@gmail.com<br>700 Cohutta St., Apt B<br>Chatsworth, GA 30705 |
| Matthew Morris, Employer's Attorney | | X | mbmorris@mijs.com |
| Compliance Program | | X | WCCompliance.program@tn.gov |

/s/Penny Shrum          w/permission JD
Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov